# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:19CR311** |
| vs. | |
| BRET SAUL, | **FINDINGS AND RECOMMENDATION** |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss. (Filing No. 19.) A hearing on the matter was held on January 3, 2020. Counsel presented argument at the hearing. At the hearing, at the request of the parties, the Court took judicial notice of the Superseding Indictment (Filing No. 26), which was filed following the submission of the Motion to Dismiss. (TR. 3.) Defendant's counsel also made an oral motion to amend the Motion to Dismiss to include the Superseding Indictment. (TR. 2.) This oral motion was granted and the Court deemed all arguments made in the Motion to Dismiss applicable to the Superseding Indictment. (TR. 2-3.)

A transcript has been filed and this matter is now ripe for disposition. For the reasons explained below, the undersigned will recommend that the Motion to Dismiss be denied.

## FACTS

On September 18, 2019, Defendant was charged in a one-count Indictment with transmitting a threat in interstate commerce in violation of 18 U.S.C. § 875(c). (Filing No. 1.) The Indictment alleged:

> On or about the 23rd day of August, 2019, in the District of Nebraska . . . [Defendant] . . . knowingly and willfully did transmit in interstate or foreign commerce a communication, to wit: a status post on Facebook, and the communication contained a threat to kidnap and injure, specifically, a threat to commit a mass shooting on the Santee Sioux Indian Reservation. In violation of Title 18, United States Code, Section 875(c).

(Filing No. 1.)

A Superseding Indictment was filed on December 10, 2019. (Filing No. 26.) The Superseding Indictment amends Count I to provide:

> On or about the 23rd day of August, 2019, in the District of Nebraska . . . [Defendant] . . . knowingly and willfully did transmit in interstate or foreign commerce a communication, to wit: a status post of Facebook, and the communication contained a threat to kidnap and injure others, specifically, 'Some1 borrow me a gun and a couple hundred rounds of ammo. Wanna get in on this whole mass shooting craze before it dies down. Everybody getting shot at least once. Myself included. In violation of Title 18, United States Code, Section 875(c).

(Filing No. 26.) The Superseding Indictment also adds a second count, alleging violations of 18 U.S.C. §1153 and 13, as well as Neb. Rev. Stat. 28-311.01(1). Count II alleges:

> On or about the 23rd day of August, 2019, within the boundaries of the Santee Sioux Indian Reservation in the District of Nebraska in Indian country . . . [Defendant] . . . an Indian male, did threaten to commit a crime of violence, to wit: a mass shooting, with intent to terrorize others, with the intent of causing the evacuation of a building, place of assembly, or facility of public transportation, and in reckless disregard of the risk of causing such terror or evacuation.

(Filing No. 26.)

## DISCUSSION

Defendant has moved to dismiss the Superseding Indictment pursuant to Federal Rule of Criminal Procedure 12(b) arguing the Superseding Indictment does not contain essential elements of the charged offenses[1] and fails to inform him of the charges against which he must defend. He

---

[1] Defendant's counsel stated at the hearing that each of Defendant's arguments apply to both Count I and Count II of the Superseding Indictment. (TR. 6.)

further contends that the Facebook post at issue does not constitute a "true threat," and, therefore, is protected speech under the First Amendment.

In assessing a motion to dismiss an indictment under Rule 12(b), a court considers whether the indictment "contains a facially sufficient allegation of materiality," but not the sufficiency of the evidence. *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2011). "The sufficiency of the indictment must be determined from the words of the indictment, and the [c]ourt is not free to consider evidence not appearing on the face of the indictment." *United States v. Agriprocessors, Inc.*, No 08-CR-1324-LRR, 2009 WL 2255728, at *4 (N.D. Iowa July 27, 2009) (quotation omitted). "[I]n reviewing the sufficiency of an indictment, the court must assume the [g]overnment's allegations to be true." *United States v. Dierks*, No. 17-CR-2065-LRR, 2007 WL 4873067, at *2 (N.D. Iowa Oct. 27, 2017). *See also United States v. Farm & Home Sav. Ass'n*, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991) ("In reviewing the sufficiency of an indictment, we accept the government's allegations as true, without reference to allegations outside the indicting document.").

Federal Rule of Civil Procedure 7 provides that an "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). "As a general rule, due process requires that the indictment give a defendant notice of each element of the charge against him so that he can prepare an adequate defense." *United States v. Becton*, 751 F.2d 250, 256 (8th Cir. 1984). An indictment adequately states an offense if "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (quotation omitted). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *Id.*

"An indictment need not use the specific words of the statute, so long as by fair implication it alleges an offense recognized by law." *United States v. Villarreal*, 707 F.3d 942, 957 (8th Cir. 2013) (quotation omitted). "Only when an essential element is omitted in substance will an indictment be rendered fatally insufficient." *Dierks*, 2007 WL 4873067, at *2. *See also United*

*States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988) ("An indictment is fatally insufficient when an essential element 'of substance' is omitted, rather than one 'of form' only.").

### 1.    Count I

Count I of the Superseding Indictment charges Defendant with a violation of 18 U.S.C. § 875(c), which provides, in relevant part, that "[w]hoever transmits in interstate . . . commerce any communication containing . . . any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. §875(c). The Supreme Court in *Elonis v. United States*, 575 U.S. 723 (2015) clarified that § 875(c) includes an implicit mental state requirement. The Supreme Court stated that "the mental state requirement in Section 875(c) is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." *Id*. Thus, the essential elements for proving an offense under the statute are: "(1) transmission of a communication in interstate commerce; (2) the existence therein of a threat to injure the person of another; and (3) the defendant's possession of either the purpose to issue a threat or the knowledge that the communication would be viewed as a threat." *Dierks*, 2007 WL 4873067, at *2; *See also* Eighth Circuit Model Jury Instructions (Criminal) 6.18.875C (2018) (setting out the elements for a violation of 18 U.S.C. § 875(c)).

Defendant contends that the Superseding Indictment does not properly charge he had the requisite *mens rea* because the intent referenced in Superseding Indictment relates only to the transmission of the statement in commerce, as opposed to the actual making of a threat. In other words, Defendant contends the Superseding Indictment should say that "Defendant knowingly and willfully issued a threat to others," not that he "knowingly and willfully did transmit in interstate or foreign commerce a communication." (TR. 4-5.) The undersigned finds this argument unpersuasive. The most reasonable and appropriate interpretation of the phrase "knowingly and willfully" is that it applies to each element listed in the Superseding Indictment. *See United States v. Segura*, No. 14-286, 2016 WL 1623182, at *6 (W.D. Penn. April 25, 2016) ("[C]ourts ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word 'knowingly' as applying that word to each element") (quoting *Flores-Figueroa v. United States*, 556 U.S. 646, 652 (2009)).

Defendant also argues that the Superseding Indictment does not directly state his *mens rea* as provided for in *Elonis* because it does not indicate he possessed either the purpose to issue a threat or the knowledge that the communication would be viewed as a threat. Defendant further contends that, without more specific language, the Superseding Indictment does not provide sufficient allegations of materiality. However, contrary to Defendant's position, use of this exact terminology is unnecessary.

"To determine whether an essential element has been omitted, a court may not insist that a particular word or phrase appear in the indictment when the element is alleged in a form which substantially states the element." *United States v. Boykin*, 794 F.3d 939, 944-45 (8th Cir. 2015). Defendant's intent may be inferred "so long as by fair implication it alleges an offense recognized by law." *Villarreal*, 707 F.3d at 957 (quotation omitted). *See also United States v. Turk*, No. 18-223, 2018 WL 4615960, at *3 (E.D. Penn. Sept. 24, 2018) (denying a motion to dismiss an indictment because the indictment alleged facts regarding the defendant's threatening statements from which his intent to threaten could be inferred); *United States v. Jordan*, No. 16-CR-93-G, 2017 WL 9516819 (W.D.N.Y. July 14, 2017) (denying a motion to dismiss an indictment charging a violation of § 875(c) when the indictment contained the elements of the offense and alleged facts from which the defendant's *mens rea* could be inferred). Intent can be inferred "when the defendant's statements are so graphic and specific that the defendant must have had the purpose of issuing a threat or knowledge that the communication would be viewed as a threat." *Turk*, 2018 WL 4615960, at *3. Courts also may "infer such intent when the defendant made direct and declaratory statements of intent to injure." *Id.*

Here, the Superseding Indictment specifically alleges facts which, by reasonable construction and fair implication, substantially states the *mens rea* element. *See Sewell*, 513 F.3d at 821. *See also United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988) ("It is not necessary that the indictment use the precise language used in the statute, as long as the indictment, by fair implication, alleges an offense recognized by the law"). The Superseding Indictment sets out the language of the Facebook post, providing: "Some1 borrow me a gun and a couple hundred rounds of ammo. Wanna get in on this whole mass shooting craze before it dies down. Everybody getting shot at least once. Myself included." The Facebook post, as set out in the Superseding Indictment, contains direct and declaratory statements of intent to injure. The statements are so graphic and

specific that the Court can infer through reasonable construction and common sense that Defendant had the purpose of conveying a threat to injure another and had knowledge that the communication would be viewed as such. The Facebook post in the Superseding Indictment states exactly what Defendant wanted to do, how he wanted to do it, and why he wanted to do it.

The Facebook post set out in the Superseding Indictment indicates Defendant did not possess a gun or ammunition. However, this does not necessarily mean there was no purpose to issue a threat or knowledge that the communication would be viewed as a threat. *See Virginia v. Black*, 538 U.S. 343, 359-60 (2003) ("The speaker need not actually intend to carry out the threat. Rather, a prohibition on true threats protects individuals from the fear of violence and from the disruption that fear engenders, in addition to protecting people from the possibility that the threatened violence will occur.") (internal quotations omitted). Although the Facebook post does not identify an individual by name, this does not necessarily obviate a purpose to threaten or knowledge that statements would be viewed as a threat to those who viewed the post. *See Black*, 538 U.S. at 359-60; *United States v. Nissen*, No. CR 19-0077 JB, 2020 WL 108488 (D. N.M. Jan. 9, 2020) (stating that true threats do not need to be made directly to the proposed victim). The Superseding Indictment alleges Defendant made a Facebook post which threatened a mass shooting and to injure himself. The Superseding Indictment, by fair implication, alleges an offense.

Defendant also argues that the Facebook post is protected by the First Amendment because the Superseding Indictment is vague as to the alleged threat. Defendant contends that for the Facebook post to constitute a "true threat," and thus not entitled to First Amendment protection, the threatened person must be identified or described in such a way that there would be a threat to that individual. Defendant further contends there cannot be a true threat without knowing where the threatening act was to occur or when it was supposed to occur. Lastly, Defendant argues that because the Facebook post stated that he needed guns and ammunition, he had no means to carry out the threat and, thus, it cannot constitute a true threat.

"Speech that constitutes a true threat is not afforded First Amendment protection." *United States v. Abdukadir*, No. 0:16-CR-00002-KES-VLD, 2016 WL 659711, at *3 (D. Minn. Feb. 18, 2016). "'True threats encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or

group of individuals.'" *Id.* at *3 (quoting *Virginia v. Black*, 538 U.S. 343, 358 (2003). However, "[w]hether a statement constitutes a threat is a question generally to be decided by the trier of fact." *Dierks*, 2007 WL 4873067, at *3. This principle is especially true in cases such as this one in which it appears Defendant is alleging an alternative, non-threatening interpretation to the statements for which he was indicted. *See Dierks*, 2017 WL 4873067, at *3. Because the determination of whether something is a "true threat" is a matter to be left to the jury, Defendant's motion to dismiss on this basis should be denied.

For the reasons explained above, the undersigned will recommend that Defendant's Motion to Dismiss be denied as to Count I of the Superseding Indictment. The undersigned finds that Count I is sufficient because an essential element "of substance" is not omitted. The Superseding Indictment fairly informs Defendant of the charges against him and provides sufficient information to allow him to plead a conviction or acquittal as a bar to a subsequent prosecution.

### 2.    Count II

Count II of the Superseding Indictment charges Defendant with making terroristic threats in violation of Neb. Rev. Stat. 28-311.01(1). This statute provides that "[a] person commits terroristic threats if he or she threatens to commit any crime of violence: (a) [w]ith the intent to terrorize another; (b) [w]ith the intent of causing the evacuation of a building, place of assembly, or facility of public transportation; or (c) [i]n reckless disregard of the risk of causing such terror or evacuation." Neb. Rev. Stat. 28-311.01(1).

Count II of the Superseding Indictment mirrors the statute and fairly informs Defendant of the charges against which he must defend. *See Sewell*, 513 F.3d at 821 ("An indictment is normally sufficient if its language tracks the statutory language."). Therefore, the undersigned will recommend that Defendant's Motion to Dismiss be denied as to Count II.

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Robert Rossiter, Jr. that Defendant's Motion to Dismiss (Filing No. 19) be denied.

Dated this 25th day of February, 2020.

BY THE COURT:


s/ Susan M. Bazis
United States Magistrate Judge

## ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.