IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>       v.<br><br>BRET SAUL,<br><br>                        Defendant. | **8:19CR311**<br><br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the Court on the Findings and Recommendation (Filing No. 37) of the magistrate judge[1] recommending the Court deny defendant Bret Saul's ("Saul") Motion to Dismiss (Filing No. 19). *See* Fed. R. Crim. P. 12(b)(3)(B). Saul objects (Filing No. 40) to the Findings and Recommendation. For the reasons stated below, Saul's objections are overruled and the Motion to Dismiss is denied.

## I.    BACKGROUND

On September 18, 2019, a grand jury charged Saul in a one-count indictment (Filing No. 1) with transmitting a threat in interstate or foreign commerce, in violation of 18 U.S.C. § 875(c). The Indictment states:

> On or about the 23rd day of August, 2019, in the District of Nebraska, [Saul], knowingly and willfully did transmit in interstate or foreign commerce a communication, to wit: a status post on Facebook, and the communication contained a threat to kidnap or injure, specifically, a threat to commit a mass shooting on the Santee Sioux Indian Reservation.

On November 21, 2019, Saul moved to dismiss the Indictment for failing to allege (1) the essential elements of § 875(c), (2) sufficient allegations of materiality, and

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

(3) language that is a "true threat" and not protected by the First Amendment of the United States Constitution.  The government resisted (Filing No. 25) Saul's motion.

On December 10, 2019, the grand jury charged Saul in a two-count superseding indictment (Filing No. 26) with (1) transmitting a threat in interstate or foreign commerce under § 875(c) and (2) making terrorist threats, in violation of 18 U.S.C. §§ 1153 and 13 and Nebraska Revised Statutes §§ 28-311.01(1), (2) and 28-105(1).   Count I of the Superseding Indictment states

> On or about the 23rd day of August, 2019, in the District of Nebraska, [Saul], knowingly and willfully did transmit in interstate or foreign commerce a communication, to wit: a status post on Facebook, and the communication contained a threat to kidnap and injure others, specifically, "Some1 borrow me a gun and a couple hundred rounds of ammo.  Wanna get in on this whole mass shooting craze before it dies down.  Everybody getting shot at least once.  Myself included."

Count II asserts that, on the same date,

> [W]ithin the boundaries of the Santee Sioux Indian Reservation in the District of Nebraska in Indian country, [Saul], an Indian male, did threaten to commit a crime of violence, to wit: a mass shooting, with intent to terrorize others, with the intent of causing the evacuation of a building, place of assembly, or facility of public transportation, and in reckless disregard of the risk of causing such terror or evacuation.

On January 3, 2020, the magistrate judge held a hearing on the Motion to Dismiss.  At that hearing, Saul made orally moved to amend his Motion to Dismiss to include the Superseding Indictment, which the magistrate judge granted.   Saul contended his arguments for dismissal went to both Counts I and II of the Superseding Indictment.

After the hearing, the magistrate judge issued the Findings and Recommendation as to the Superseding Indictment only.  The magistrate judge found Count I of the Superseding Indictment properly charged the essential elements of § 875(c) and determined the trier of

fact had to decide whether the Facebook post constituted a "true threat" for First Amendment purposes.  The magistrate judge further found Count II of the Superseding Indictment "mirrors the statute and fairly informs [Saul] of the charges against which he must defend."  In short, the magistrate judge concluded "[t]he Superseding Indictment fairly informs [Saul] of the charges against him and provides sufficient information to allow him to plead a conviction or acquittal as a bar to a subsequent prosecution."  The magistrate judge did not address the Indictment.

After the Court granted Saul an extension of time to respond to the Findings and Recommendation, on March 19, 2020, Saul filed his objections.  Saul stated the magistrate judge erred in finding (1) the Superseding Indictment "substantially states the *mens rea* element" and (2) "to the finding that the [Facebook post] fails to constitute a threat as a matter of law."[2]  Saul did not object to the magistrate judge's findings on the First Amendment or that Count II tracks the statutory language.

Because the magistrate judge did not address the Indictment in the Findings and Recommendation, on May 1, 2020, the Court referred this matter back to the magistrate judge to deal with that issue (Filing No. 43).  *See United States v. Yielding*, 657 F.3d 688, 703 (8th Cir. 2011) (explaining an original indictment is still viable even after a superseding indictment is filed unless the original indictment is dismissed).  That same day, the government filed a Motion to Dismiss (Filing No. 44) without prejudice the Indictment, *see* Fed. R. Crim. P. 48(a), rendering moot the Court's directive to the magistrate judge.  The Court finds the government's Motion to Dismiss the Indictment without prejudice should be granted, and the Court will now address the findings and recommendation on the Superseding Indictment.

_____

[2]By this, the Court assumes Saul means he does not believe his Facebook post can constitute a threat as a matter of law.

3

## II.      DISCUSSION

### A.      Standard of Review

Under 28 U.S.C. § 636(b)(1)(B), the Court may designate a magistrate judge to submit "proposed findings of fact and recommendations for the disposition" of motions to dismiss.  If a party timely objects, Court must "make a de novo determination of those portions of the . . . specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1); *see also* Fed. R. Crim. P. 59; NECrimR 59.2(a) ("The party must specify (1) the parts of the . . . findings and recommendations to which [they] object and (2) the legal basis of the objections. . . . A party's failure to state a legal argument supporting objections . . . may be considered an abandonment of the party's objection."). The Court may then "accept, reject, modify, in whole or in part, the findings or recommendations by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B.      The Sufficiency of the Superseding Indictment

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which [he] must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." *United States v. Flute*, 929 F.3d 584, 587 (8th Cir. 2019) (quoting *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993)).

The Court must view an indictment practically, "as a whole, and not hypertechnically." *United States v. Goodman*, 4:18-CV-3092, 2019 WL 1533298, *1 (D. Neb. April 9, 2019).  The Court tests the indictment "solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Good*, 386 F. Supp. 3d 1073, 1083 (D. Neb. 2019) (quoting *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)).  In other words, the Court does not consider evidence outside of the four corners of an indictment itself.  *See id.*

4

An indictment need not use "a particular word or phrase," so long as it alleges a valid offense and substantially states the elements. *United States v. White*, 241 F.3d 1015, 1021 (8th Cir. 2001). An indictment is usually sufficient unless it is "so defective that it cannot be said, by any reasonable construction, to charge the offense." *United States v. Palmer*, 917 F.3d 1035, 1039 (8th Cir. 2019) (quoting *United States v. Mann*, 701 F.3d 274, 288 (8th Cir. 2012)).

Although an indictment need not state the specific words of the statute, an indictment that tracks the statutory language is normally sufficient. *See United States v. Jawher*, 950 F.3d 576, 579 n.2 (8th Cir. 2020); *see also United States v. Buchanan*, 574 F.3d 554, 565 (8th Cir. 2009) ("An indictment need not use the precise language in the statute as long as the Indictment, 'by fair implication,' alleges an offense recognized by the law." (quoting *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988))).

### 1.      Count I

Count I of the Superseding Indictment charges Saul with violating § 875(c) which prohibits "transmit[ting] in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another." In *Elonis v. United States*, 575 U.S. 723, ___, 135 S. Ct. 2001, 2012-13 (2015), the Supreme Court held § 875(c) requires proof of a defendant's mental state to separate wrongful conduct from innocent conduct. Section 875(c) is satisfied with "proof that the defendant made the communication with the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat."[3]  *United States v. Harper*, 869 F.3d 624, 626 (8th Cir. 2017).

Accordingly, the essential elements for an offense under § 875(c) are

---

[3]The Supreme Court also left open the possibility that the mental-state requirement could be satisfied by proof that the threat was made with reckless disregard for the likelihood that the communication would be viewed as a threat. *See Elonis*, 575 U.S. at ___, 135 S. Ct. at 2013.

> (1) transmission of a communication in interstate commerce; (2) the existence therein of a threat to [kidnap or] injure the person of another; and (3) the defendant's possession of either the purpose to issue a threat or the knowledge that the communication would be viewed as a threat.

*United States v. Dierks*, No. 17-CR-2065-LRR, 2017 WL 4873067, *2 (N.D. Iowa Oct. 27, 2017).

Here, Saul concedes Count I sufficiently alleges the first element, which his Facebook post "obviously satisfie[s]."  But Saul contends Count I falls short on the second and third elements.

The way Saul sees it, "[t]he question here is whether the language used by Mr. Saul in his Facebook post constitutes a crime."  He "asserts that [Count I of] the Superseding Indictment does not allege [he] made a 'threat' [under the second element] or that he had the specific *mens rea* intent" under the third element.

Regarding the second element, Saul argues Count I is inadequate because his Facebook post "cannot be held to allege a threat."  Saul contends his Facebook post as alleged in Count I did not specify the targets or location for a mass shooting and "specifically stated he was not in possession of a firearm."  He distinguishes his case from other cases where defendants made several electronic threats "rather than one vague Facebook post" to argue his actions "do not qualify as a threat actionable under 18 U.S.C. § 875(c)" as a matter of law.

Saul misunderstands the nature of a motion to dismiss an indictment in these circumstances.  In considering a motion to dismiss, the Court considers whether an indictment "contains facially sufficient allegations," not the sufficiency of the evidence or whether Saul is ultimately guilty of transmitting a threat under § 875(c).  *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001); *see also Dierks*, 2017 WL 4873067, *2

6

(collecting cases that Rule 12(b) is not akin to a motion for summary judgment in civil cases).

Instead, the question of whether the Facebook post "'constitutes a threat is an issue of fact for the trial jury,' involving assessments of both credibility and of context." *United States v. Clemens*, 738 F.3d 1, 13 (1st Cir. 2013) (quoting *United States v. Fulmer*, 108 F.3d 1486, 1492 (1st Cir. 1997)); *see also United States v. Stock*, 728 F.3d 287, 298 (3d Cir. 2013) (same). Saul can "offer[] a non-threatening interpretation of the" Facebook post, but "the choice among interpretations [is] an issue of fact properly left to a jury" upon considering surrounding evidence and the context in which Saul made the post. *Id.* (collecting other Circuit cases reaching the same conclusion). If, after trial, Saul wishes to argue the evidence produced was insufficient to show his Facebook post was a threat, he can more appropriately raise that argument in a motion for a judgment of acquittal. *See* Fed. R. Crim. P. 29.

It is a rare case that "no reasonable jury could conclude [a] statement[] [was] a threat" such that the Court must find as a matter of law the statement is not a crime. *Clemens*, 738 F.3d at 13. And this is not such a case.

As noted by the magistrate judge, on its face, Count I alleges Saul made a Facebook post stating "exactly what [he] wanted to do [(commit a mass shooting)], how he wanted to do it [(by acquiring weapons and shooting "everybody . . . at least once")], and why he wanted to do it [(to get in on the 'craze')]." As for further specifics, Saul "asks too much from the [Superseding] [I]ndictment." *United States v. Khan*, 937 F.3d 1042, 1050-51 (7th Cir. 2019) (finding sufficient an indictment which alleged Facebook posts threatening to commit mass murder). It is neither feasible nor required for an indictment to recount all surrounding factual circumstances. *See United States v. Elonis (Elonis II)*, 841 F.3d 589, 600 (3d Cir. 2016) (upholding an indictment involving a Facebook post about committing a school shooting at an unspecified elementary school in a ten-mile radius); *United States v. Jordan*, 16-CR-93-G, 2017 WL 9516819, *6 (W.D.N.Y. July 14, 2017) (same based on

a Facebook post about killing unidentified police officers); *United States v. Abdulkadir*, 0:16-CR-00002-KEV-VLD, 2016 WL 659711, *2-3 (D. Minn. Feb. 18, 2016) (same based on Twitter tweets about killing unidentified government agents and judges).

The language of the Facebook post alleged in Count I is not so factually insufficient that no reasonable jury could find it amounts to a threat.  The Court therefore finds Count I sufficiently alleges the second element.[4]

As for the third element, Saul again says Count I falls short in alleging he "had the requisite *mens rea* to threaten others, or the knowledge that his statements could be viewed as a threat."  The Court disagrees.

Count I does not parrot the rule from *Elonis*.  *See Harper*, 869 F.3d at 626 (finding *Elonis* requires "proof that the defendant made the communication with the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat"). But an indictment is not required to recite such precise language as long as it "by fair implication" alleges the charge.  *See Buchanan*, 547 F.3d at 565.  Count I meets that standard.

Count I states Saul "*knowingly and willfully* did transmit . . . [the Facebook post], and the communication contained a threat to kidnap and injure others . . . ."  (Emphasis added).  Other courts have held this same language sufficiently alleges a crime under § 875(c), reasoning "when read in its entirety" an indictment "can imply [the] defendant's

---

[4]Saul did not object to the magistrate judge's finding that a jury must decide whether the Facebook post was a "true threat" for First Amendment purposes.  *See United States v. Floyd*, 458 F.3d 844, 849 (8th Cir. 2006) (explaining the Court must decide "whether there is sufficient evidence for a jury to decide that a reasonable recipient would perceive [a communication] as a threat" and if so, the true-threat question is for "the jury to decide").  Accordingly, the Court need not review that portion of the Findings and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; NECrimR 59.2(a) (explaining a party must specify the parts of the findings and recommendation to which they object and the legal basis for that objection).  To the extent Saul intended to object to that portion, the Court adopts the magistrate judge's well-founded conclusion.  *See Floyd*, 458 F.3d at 849.

requisite mental state for every element of the crime." *United States v. Howard*, 947 F.3d 936, 944 (6th Cir. 2020); *see also United States v. Segura*, No. 14-286, 2016 WL 1623182, *5-6 (W.D. Pa. April 26, 2016) (finding the mental state applies to each element charged consistent with courts ordinarily reading "a phrase in a criminal statute that introduces the elements of a crime with the word 'knowingly' as applying that word to each element" (quoting *Flores-Figueroa v. United States*, 556 U.S. 646, 652 (2009))). Put another way, even though "knowingly and willfully" appear at the beginning of the charging language, "a reasonable reading of the indictment's text in its entirety, accompanied by consideration of the additional factual details found in the remainder of the language, leads one to infer that the words modify all parts of the charge." *Howard*, 947 F.3d at 944.

What's more, even if Count I fails to expressly allege Saul's subjective intent (which is does not as it includes "knowingly and willfully"), the Court can infer that intent from the language of the Facebook post. *See Elonis II*, 841 F.3d at 600 ("[T]he defendant's post [about committing a school shooting] is graphic and specific in ways that make it impossible to believe he was unaware it would be interpreted as a threat."). The Court adopts the sound logic of the magistrate judge in this case that the Facebook post "contains direct and declaratory statements of intent to injure" such that "through reasonable construction and common sense" the Court can conclude Saul "had the purpose of conveying a threat to injure another and had knowledge that the communication would be viewed as such." *See Jordan*, 2017 WL 9516819, *6 (inferring the defendant's *mens rea* from the alleged facts in the indictment).

Saul nonetheless launches another fact-intensive attack, arguing other cases under § 875(c) demonstrate "much more severe" behavior. Saul contends he "only posted one statement on a social media website that was easily traceable back to him" and "[t]he fact that [he] was not attempting to hide anything [shows] that his post was meant to be a joke." Under these circumstances, Saul argues Count I fails to show he intended to or knew he would threaten anyone. Saul urges the Court to consider his "state of mind" and "the

circumstances surrounding a communication" to assess his thought-process behind the Facebook post.

But this fact-driven assessment of credibility and context is again reserved for the trier of fact. *See Jordan*, 2017 WL 9516819, *6 (collecting cases). At this phase, the Court must simply assess whether by some reasonable construction Count I adequately alleges, as Saul frames it, he had "the requisite *mens rea* to threaten others, or [knew] his statements could be viewed as a threat." The Court finds it does. Saul can save his other arguments for the jury and, if necessary, a motion for a judgment of acquittal. *See* Fed. R. Crim. P. 29.

In short, the Court finds Count I, through reasonable construction, "is legally sufficient on its face" because "it contains all the essential elements" of § 875(c), "fairly informs" Saul of that charge, and alleges sufficient information for Saul "to plead a conviction or acquittal as a bar to subsequent prosecution." *Flute*, 929 F.3d at 587 (quoting *Fleming*, 8 F.3d at 1265).

### 2.    Count II

Saul does not make a separate argument as to Count II, instead generally stating his analysis on Count I "applies as well to Count II of the [Superseding] Indictment as the Facebook post cannot be held to allege a threat to any person." The Court, therefore, finds this argument fails for the same reasons stated on Count I. Furthermore, the Court agrees with the magistrate judge that Count II otherwise appropriately tracks the statutory language. *See Jawher*, 950 F.3d at 579 n.2 ("An indictment is normally sufficient if its language tracks the statutory language.").

Based on the foregoing,

IT IS ORDERED:

1.    Defendant Bret Saul's objections (Filing No. 40) to the magistrate judge's findings and recommendation are overruled.

2.    The Findings and Recommendation (Filing No. 37) are accepted.

3.    Saul's Motion to Dismiss (Filing No. 19) is denied as to the Superseding Indictment.

4.    The government's Motion to Dismiss without prejudice the Indictment (Filing No. 44) is granted.

Dated this 6th day of May 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

11